## WEHN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—CONFLICTING EVIDENCE.

A verdict on conflicting evidence will not be interfered with.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3935; Dec. Dig. § 1002.*]

2. CARRIERS (§ 348*)—PASSENGERS ON ELEVATED RAILROAD—ACTION FOR INJURIES—INSTRUCTIONS.

Pen. Code, § 419, provides that employés of an elevated railroad, who start any train before every passenger on the platform desiring to board has done so, unless notice has been given that the train is full, or obstruct any passenger attempting to enter such car, or start such train before the gate on the car is firmly closed, is guilty of a misdemeanor. Railroad Law (Laws 1890, p. 1126, c. 565) § 138, provides that no trains on the elevated road shall start until every passenger desiring to board shall have done so, but that no person shall enter after notice that no more passengers can be received. Section 139 provides that gates on the cars shall be kept closed while the car is in motion, and when a car has stopped and the gates have been opened it shall not start until they are again closed. The evidence showed that the gate was open when plain-

tiff attempted to enter, and that he got on the platform and was pushed therefrom by the guard. *Held*, that an instruction that, if the jury could not determine whether the gate was closed, they must render a verdict for defendant, and that if the conductor was closing the gate it was notice to plaintiff that no more passengers would be allowed, and if he still persisted he assumed the risks, was reversible error, as taking from the jury every other question of defendant's negligence, if they found that the conductor was closing the gate, notwithstanding they might find plaintiff had got on the platform and was pushed therefrom by the conductor, and notwithstanding the statutory provision that the train should not start until the gate was closed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403, 1404; Dec. Dig. § 348.*]

Appeal from Trial Term, New York County.

Action by Karl Wehn against the Interborough Rapid Transit Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Holmes & Rogers (Delevan A. Holmes, of counsel, and Charles P. Rogers, on the brief), for appellant.

James L. Quackenbush (Joseph H. Adams, of counsel), for respondent.

CLARKE, J. The station of the defendant's road at Third avenue and 161st street, in the borough of the Bronx, is what is called an "island station"; that is, the platform occupies the space between the north and south bound tracks. The entrance to the station is at the south end. The ticket window is near said entrance. The waiting room extends 32 feet to the north, from which the platform is reached by passing through two swinging doors. As the plaintiff and his companion, after they had obtained their tickets, were going through the waiting room, they observed that a south-bound train had pulled up at the station. The structure of the station house occupied the full width of the platform. This train had stopped, so that the rear platform of its first car was even with the station house, so that the gate upon that platform was not opened. The gate on the front platform of the second car was opened for the egress and entrance of passengers. The plaintiff, following his companion, hastened through the left side of the swinging doors at the entrance, and, turning sharply, attempted to board the train upon this first platform of the second car, in close proximity to the north wall of the station building. The train started, and the two men were thrown and dragged between the side of the building and the train; plaintiff's companion being killed and plaintiff receiving the injuries complained of.

The plaintiff's claim is that the gate, when they attempted to board the train, was open, and that as they boarded it the train was started, they were pushed from the platform by the guard, and the gate slammed. The defendant's claim is that the gate was closed before the signal to start was given, and that these men rushed out of the waiting room and attempted to board the train after it had started and with

the gate shut. Upon conflicting evidence the jury brought in a verdict in favor of the defendant. The plaintiff appeals from the order denying his motion for a new trial upon the ground that said verdict is against the weight of evidence. We have carefully examined this record, and are of the opinion that it presented such a question of fact as could be resolved only by a jury, and that with the determination of that jury upon the facts this court ought not to interfere.

The record discloses, however, an error fatal to the maintenance of this judgment. Section 419 of the Penal Code provides that:

"Any conductor, brakeman or other agent or employé of an elevated railroad who (1) starts any train or car of such railroad, or gives any signal or order to any engineer or other person to start any such car, * * * before every passenger on the platform or station at which the train has stopped, who manifests a desire to enter the train, has actually boarded or entered the same, unless due notice is given by an authorized employé of such railroad that the train is full and that no more passengers can then be received, or (2) obstructs the lawful ingress or egress of any passenger to or from such car, or (3) opens a platform gate of any such car while the train is in motion, or starts such train before such gate is firmly closed, is guilty of a misdemeanor."

And section 138 of the railroad law (Laws 1890, p. 1126, c. 565) provides as follows:

"All trains upon elevated railroads shall come to a full stop before any passenger shall be permitted to leave such trains; and no train on such railroad shall be permitted to start * * * until every passenger upon the platform or station at which such train has stopped, and desiring to board or enter such cars, shall have actually boarded or entered the same, but no person shall be permitted to enter or board any train after due notice from an authorized employé of such corporation that such train is full and that no more passengers can be then received."

Section 139 provides for gates on the outer edge of the platforms of the passenger cars on elevated railroads, "and every such gate or door shall be kept closed while the car is in motion; and when the car has stopped and a gate or door has been opened, the car shall not start until such gate or door is again firmly closed."

Bearing in mind those positive provisions of law, and that the question in the case was whether the train had started before or after the closing of the gate, and that the plaintiff and his witnesses had sworn that the gate was open when he and his companion attempted to board the train, and that they had actually gotten upon the platform and were pushed therefrom by the guard, the learned court, at the close of the case, at the request of the defendant's counsel, charged the jury as follows:

"If, upon all the evidence, the jury are unable to determine whether the gate was closed, or not, when the plaintiff attempted to board the train, then the jury must render a verdict for the defendant, no matter what they may think about the cause of the plaintiff's injuries."

Which was followed by this:

"Counsel for Defendant: If the conductor was closing the gate, and the same was not wholly closed, it was sufficient notice to the plaintiff that no more passengers would be allowed to board the train, and he is presumed to have known it, and if he still persisted in trying to board such train, he thereby assumed all the risks and hazards connected with and arising from such

acts, and in taking that risk he waived the benefits intended by the statute, and as to him its provisions are not to be construed, and the plaintiff cannot recover.

"The Court: I will charge that."

That instruction took from the jury every question of negligence of the defendant, provided only they should find that the conductor was closing the gate, and directed them that, notwithstanding the fact that they might find that the plaintiff had got upon the car platform and was pushed therefrom by the conductor shoving against the breast of his companion, as was testified by one of the witnesses, and notwithstanding the positive provision of the statute that the train should not start until the gate was closed, yet, nevertheless, they must find that the plaintiff could not recover. In other words, if they should find one only of the facts in dispute, that the conductor had commenced to close the gate, irrespective of how far it was closed, or whether the bell had been rung to start before the gate was closed, or where the plaintiff was, a verdict was directed for the defendant. That instruction was error, and requires a reversal of the judgment.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.